UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SEAN P. RICH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00246-JMS-MJD |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

Before the Court is the respondent's motion to dismiss the petitioner's habeas petition challenging a prison disciplinary proceeding. Because the petitioner fails to show he is in custody with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must dismissed for lack of jurisdiction.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanction cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When

such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

In a disciplinary proceeding identified as No. WVE 17-04-0024, the petitioner was found guilty of disorderly conduct. The disciplinary hearing officer, on April 5, 2017, imposed a suspended deprivation of earned-credit time and a suspended demotion in credit class. After six months, suspended sanctions can no longer be imposed.

The respondent has moved to dismiss this action on the ground that the petitioner is not "in custody" due to the challenged disciplinary proceeding. The petitioner, in his response, contends that his due process rights were violated and asserts that he suffered consequences in addition to the suspended deprivation of credit time.

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because six months have passed and the suspended sanction has not been imposed on the petitioner, this habeas action, even if the petitioner is successful, cannot affect the duration of the petitioner's custody. The petitioner is therefore not "in custody," and this action moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998). If the petitioner wishes to challenge other sanctions, he will have to do so through a civil rights action and meet the requirements to state a civil rights claim.

Accordingly, the respondent's motion to dismiss, dkt. [14], is **granted**. The petition for writ of habeas corpus is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/29/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SEAN P. RICH
995701
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov